JOSHUA K. ABBOTT, *Pet'r, versus* COUNTY OF PENOBSCOT.

By R. S., c. 18, § 13, in case of a petition for increase of damages, caused by laying out or discontinuing a way, the party prevailing shall recover costs, to be taxed and allowed by the Court to which the verdict or report is returned and certified with it to the commissioners; and said Court shall determine the compensation of the committee and of the persons presiding at the trial by jury.

He is the prevailing party who obtains a verdict for damages, when the Commissioners had allowed him none.

The statute covers all legal costs, and is not restricted to costs in the Supreme Judicial Court.

In cases of petition for increase of damages, the petitioner, if the prevailing party, may recover costs as follows : —

1. Before the County Commissioners, for the petition, entry, travel and attendance at the term of entry, and travel and attendance at the term when the verdict is certified from the Supreme Judicial Court;

2. Before the jury, for travel and actual attendance, witness' fees, and all copies and other matters which would be legally taxable in a case before the Supreme Judicial Court; and,

3. Before the Supreme Judicial Court, for the usual fees of entry, travel and attendance for one term only, unless the acceptance of the verdict is resisted; when, such costs may be recovered beyond the first term, as the discretion of the presiding Judge may dictate.

ON FACTS AGREED.

In 1855, the County Commissioners for Penobscot county, duly laid and established a way, extending from the "brick factory in Dexter to Allen Young's in Corinna, and passing over land owned by the petitioner."

In August, 1861, the County Commissioners, after due proceedings had, discontinued said way, and, as appeared by their report, "adjudged that no individual was damaged

by reason of said discontinuance to an amount exceeding the advantages derived therefrom."·

At the following December term of the Commissioners' Court, the petitioner presented a petition representing himself to be aggrieved in the estimate of damages, praying for an increase and for a jury to be summoned to hear and decide upon the matter according to the statute.

In June, 1862, a warrant was duly issued, and, in July, 1863, a jury duly summoned, who found damages for the petitioner in the sum of $16,20.

The warrant, with the doings of the jury thereon, was returned to the term of the S. J. Court, begun and holden in and for the county of Penobscot, October, 1863, and continued to the following January term, when the verdict of the jury was accepted and confirmed without objection.

All of the proceedings were admitted to be regular, and the only question presented to this Court was that of costs.

*J. Crosby*, for the petitioner.

*C. P. Stetson, County Attorney*, for the County of Penobscot, contended : —

There is no provision of statute giving costs to a party prevailing before the County Commissioners. In petitions for alteration, establishing and discontinuing ways, the party prevailing before the County Commissioners is not entitled to costs ; also on appeal from the decision of the County Commissioners, as provided in c. 18, §§ 34, 35, 36, when the judgment of the Commissioners is reversed and the petitioner prevails, the Supreme Judicial Court cannot allow the petitioner costs of travel and attendance before the County Commissioners ; and so it has been held by the Judge, at *Nisi Prius*, in this county.

On an appeal to the Supreme Judicial Court from Police Court and Justice of the Peace, the party prevailing recovers costs in Police Court or Justice Court, because costs would be taxed there if he had prevailed there. This proceeding (in this case) is in nature of appeal from the County Com-

missioners, and this Court cannot allow travel and attendance before the County Commissioners, because costs are not allowed to any party prevailing before that Court.

There is no statute authorizing costs for copies of papers. before the jury, and travel and attendance before the jury.

The opinion of the Court was drawn by

KENT, J. — The only questions presented in this case are whether the petitioner is entitled to costs, and if so, how the same is to be taxed. The petitioner's case is within the provisions of c. 18, § 13, which provides that, in a case like this, "the prevailing party shall recover costs, to be taxed and allowed by the Court to which the verdict or report is returned, to be certified with it to the Commissioners." He is the prevailing party — having obtained a verdict for damages — when the Commissioners had allowed him none. The language of the statute is general and covers all legal costs, and is not restricted to costs in this Court. The Legislature intended to mulct the petitioner who fails in his application or appeal, by requiring a judgment by the County Commissioners against him, "for all expenses incurred on account of it." § 3.

In other sections of the same statute in reference to the same subject matter, the word "expenses" is altered to the word "costs." §§ 6, 9. That costs for the petitioners before County Commissioners may be allowed seems to be admitted in *Woodman* v. *Somerset*, 24 Maine, 152 ; *Morse, Pet.*, 18 Pick., 443. If he may be compelled to pay costs or expenses, he is fairly entitled to costs where he is the prevailing party ; and this the statute gives to him.

We see no reason why costs for the prevailing party should not be allowed in the hearing before the jury ; in the same manner and to same extent as if the trial had been in this Court; i. e., for travel and actual attendance, fees for witnesses, and all copies and other matters which would be legally taxable if the case had been heard in Court.

The petitioner is also entitled to costs in the Court of County Commissioners for entry, petition, travel and attendance; but for no more than one term before the warrant for a jury is issued, unless some satisfactory reason is given for the delay in issuing it beyond the term when the petition is entered. None such is stated in this case. No costs in that Court should be taxed, after the issuing of the warrant for a jury, except travel and one day's attendance at the term when the verdict is certified from this Court. After the warrant for a jury is issued, there can probably be no action in the Commissioners' Court on the matter of the petition until the certificate is sent from this Court; and, of course, there is no necessity for any attendance by the party in that Court, until that time.

In this Court, the petitioner is entitled to the usual fees for entry and travel and attendance. But, as this is not a common case of the entry of an action between parties, it does not follow that full costs are to be taxed for the whole time the matter may remain on the docket of the Court. It is the duty of the petitioner, who has obtained a verdict in his favor, to enter his petition for its acceptance, &c., according to the provisions of the statute, and to move its acceptance during the term at which it is entered. If this is resisted by the county attorney, and the questions raised cannot be, or are not determined at that term, costs may be allowed in such action, in the discretion of the Court, beyond the first term.

In this case, the facts stated show that the petitioner did not move for the acceptance of the verdict until the second term, and that, when offered, the county attorney at once consented to its acceptance. No objection seems to have been made at any time to the acceptance. It was accepted by the Court, and no reasons are assigned why it has remained in this Court, without a certificate being made to the Court of County Commissioners. Under these circumstances, we think the petitioner is entitled only to costs for travel and attendance until accepted at the term when the

report or verdict was accepted. In addition he may charge for entry in this Court, and the usual charge for continuances. After the confirmation of the verdict, the case was like one continued for judgment, at the request of the prevailing party, and no costs, except for continuance, is taxable for the subsequent terms. The petitioners may tax for the two terms in the law court. The county should not be compelled to pay costs, arising from mere delay of the other party.

The costs are to be taxed and allowed in accordance with this opinion, and certified to the County Commissioners with the verdict and its acceptance.

APPLETON, C. J., CUTTING, DAVIS and WALTON, JJ., concurred.